UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIS THOMAS RAND,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>LIBERTY MUTUAL PERSONAL INSURANCE CO.,<br><br>　　　　　　　　　Defendant. | Case No. 20-cv-10691<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 25) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)**

## I.   INTRODUCTION

Plaintiff Willis Thomas Rand filed this action against defendant Liberty Mutual Personal Insurance Co. to recover benefits under a homeowners policy after a fire at Rand's residence. ECF No. 1. Liberty Mutual counterclaimed against Rand for declaratory relief that its rescission of the subject homeowner's policy was proper and filed a motion for summary judgment under Federal Rule of Civil Procedure 56. ECF Nos. 7, 25. Rand filed a cross motion for summary judgment. ECF Nos. 26. The cross

1

motions were fully briefed, and the Court heard oral argument from the parties at a hearing on July 21, 2022. ECF Nos. 28, 29, 30, 31, 33.

## II. FACTUAL BACKGROUND

Liberty Mutual issued a homeowners policy (Policy) to Rand for his residence on Northville Road in Plymouth (Property).[1] ECF No. 25-2. It issued the Policy based upon a home insurance application Rand completed on July 26, 2019. ECF No. 25-4. As part of the application, Rand answered no to the question: "Is there any business conducted at the insured location?" *Id.* at PageID.538.  Rand attested to reading, understanding, and validating the information on the application. *Id.* at PageID.539. He also authorized and acknowledged that "[i]n the event that any material misrepresentations, omissions, concealment of facts and/or incorrect statements are made by or on behalf of the insured during the application process, [Liberty Mutual] may exercise whatever legal remedies [are] available…" *Id*.

At the time he completed the application for the Policy, Rand permitted his son, Willis Thomas Flavin, to park trucks belonging to Affordable Tree Service, Flavin's tree service business, on the Property.

---

[1] The Property consists of a 1,300 square foot home, an attached garage, and a storage area. ECF No. 25-8, PageID.560-61.

ECF No. 25-8, PageID.561-65. Flavin and his employees would report to the Property daily to retrieve the trucks before proceeding to various job sites. *Id.* Flavin's employees would also use the attached garage on the Property to sharpen blades for their equipment. *Id.* at PageID.572-73. Additionally, Rand occasionally hauled wood or other debris, as well as received phone calls for Affordable Tree Service. *Id*. at PageID.561.

Less than two months after the Policy was issued, in September 2019, the Property caught fire. *Id*. at PageID.570. The firefighters believed the fire started in the garage and had possibly started from a grinder used by one of Affordable Tree Service's employees the day of the fire. *Id*. at PageID.572-73.

Liberty Mutual's Special Investigations Unit investigated the September 2019 fire at the Property and the issuance of the Policy to Rand. ECF No. 25-13, PageID.613-14. The investigation revealed that, at the time the application was completed, Affordable Tree Service was parking trucks and equipment at the Property and its employees were using the garage on the Property to sharpen tools and equipment. ECF No. 26-1, PageID.1038-39. Based on the findings of the investigation, specifically that business was conducted at the Property, Liberty Mutual determined that Rand's application contained a material misrepresentation (that no

3

business was conducted on the Property), rescinded the Policy, and refunded the premiums paid by Rand. ECF Nos. 25-6, 25-7.

## III. ANALYSIS

### A.

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Additionally, the evidence and all reasonable inferences must be construed in the light most

favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the [non-movant].'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (E.D. Mich. 2004). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

"When, as here, there are cross-motions for summary judgment, the Court considers them separately, and it is not necessary that either party is entitled to summary judgment; it is possible that neither party meets its burden." *Peatross v. Liberty Mutual Personal Ins. Co.*, 575 F. Supp. 3d 887, 891 (E.D. Mich. 2021) (citing *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 442 (6th Cir. 2021)). When considering the plaintiff's motion, the

5

evidence is viewed in the light most favorable to defendant and the initial (and ultimate) burden is on the plaintiff to show that she is entitled to judgment as a matter of law. *Id*. The opposite is true when considering the defendant's motion. *Id*.

**B.**

Liberty Mutual contends that it is entitled to summary judgment because its rescission of the Policy was justified by Rand's material misrepresentation on the application that no business was conducted on the Property. ECF No. 25, PageID.458-468. Rand argues rescission was not proper, and that Liberty Mutual must pay his claim under the Policy for the loss due to the September 2019 fire. ECF No. 26. According to Rand, any misrepresentation regarding business conducted at the Property was not material because Liberty Mutual cannot prove that it would not have issued the Policy if it knew that Affordable Tree Service parked its trucks and equipment on the property. *Id*.

If an insured makes a material misrepresentation in the application for insurance, the insurer is entitled to rescind the policy and declare it void *ab initio*. *Peatross*, 575 F. Supp. 3d at 891 (citing *Lake States Ins. Co. v. Wilson*, 586 N.W.2d 113, 115 (1998)). "A fact or representation in an application for insurance is material when communication of it would have

resulted in an insurer rejecting the risk or charging an increased premium." *Id.*; *see also Oade v. Jackson Nat'l Life Ins. Co. of Michigan*, 632 N.W.2d 126 (2001). Recission is justified even if the misrepresentation is innocent, "so long as the insurer relied on it." *Id.* (citing *Lash v. Allstate Ins. Co.*, 532 N.W.2d 869, 872 (Mich. App. Ct. 1995)).

Rand argues that he made no misrepresentation on the Policy application because he believed he truthfully answered the agent's question about whether he ran a business at his home. Rand argues in his response brief to Liberty Mutual's motion that "[h]e readily acknowledged his son parked trucks for the business there, but he did not consider that to be a business operation on the property, since the tree trimming services and maintenance occurs at customers' homes." ECF No. 29, PageID.1177 (citing ECF No. 26-1, PageID.811). Although Rand readily acknowledged that Affordable Tree Service parked its trucks on the Property *at his deposition*, he did not convey that information during the taking of the application:

> Q. You didn't tell [the agent] that there was any business, whether or not it was your business or not, being conducted at your residence premises, correct?
>
> A. *No, I didn't* because there is no—I mean, he parks trucks there, but there's nobody that comes onto the property, nobody—nothing like that, you know, I mean, he parks his trucks there and that was it.

7

ECF No. 25-8, PageID.568 (emphasis added).

Moreover, even this after-the-fact admission was not forthright or accurate. Rand testified that Affordable Tree Service employees reported to his Property daily to pick up the trucks and equipment stored there before proceeding to job sites. *Id*. at PageID.565. He further testified that those employees sharpened their tools in the garage*. Id*. at PageID.572-73. Affordable Tree Services' employees reported for duty daily and maintained their tools at the Property and the company irrefutably stored its equipment there. The Court finds that these activities constitute "business conducted" within the context of the application. *See Nationwide Property & Casualty Ins. Co. v. Brown*, 260 F. Supp. 3d 864, 876 (E.D. Mich. 2017). Because there is no genuine dispute that business was conducted on the Property, Rand's statement to the contrary on the application was a misrepresentation. *See id*.

Rand's argument that any misrepresentation relating to business conducted at the Northville Road property was not material is equally unavailing. Rand contends that Liberty Mutual did not present evidence that its underwriting rules would have precluded the issuance of the Policy if the business operated on the Property had been disclosed on the application. But Liberty Mutual supplied the affidavit of its underwriter to establish that if

8

Rand had revealed "the full extent of the business conducted at the insured location, the risk would have been rejected and the Policy would not have been issued." ECF No. 25-3, PageID.528; *see Mullen v. Progressive Marathon Ins. Co.*, 2020 WL 6231720, at *4 (Mich. App. Ct. Oct. 22, 2020); *Auto-Owners Ins. Co. v. Motan*, 2015 WL 5247261, at *3 (Mich. App. Ct. Sept. 8, 2015); *Montgomery v. Fidelity & Guaranty Life Ins. Co.*, 713 N.W.2d 801, 804 (Mich. App. Ct. 2005) (underwriter's affidavit that policy would not have been issued without the misrepresentation is sufficient to demonstrate materiality).

In response, Rand questions the basis for the conclusion set forth in the underwriter's affidavit. He contends that summary judgment should not be granted if documentary evidence casts doubt on the credibility of the underwriter. ECF No. 29, PageID.1190 (citing *Doa Doa, Inc. v. Primeone Ins. Co.*, 2019 WL 5680994, at *6 (Mich. App. Ct. Oct. 31, 2019)). Nevertheless, Rand's effort to assail the credibility of the underwriter falls short because he has not supplied any evidence to undermine the affidavit here. To the contrary, additional evidence supports the conclusion set forth in the underwriter's affidavit—that Liberty Mutual would not have issued the Policy if it had known about Affordable Tree Service's operations on the Property.

For instance, a November 2019 email from the Liberty Mutual Special Investigations Unit team confirmed that Affordable Tree Service LLC did not fit within the category of incidental business covered by Liberty Mutual personal line policies. ECF No. 28-1, PageID.1160. The email indicates that Liberty Mutual "wouldn't have written this policy knowing about the scenarios in play." *Id*. "This business needs a commercial policy to cover its… property and liability; personal lines homeowners policy aren't (sic) designed for this purpose." *Id.*

Additionally, the Disposition Analysis Report completed by the Liberty Mutual Special Investigation Unit indicates that the investigator reviewed underwriting questions relating to conditions which would increase the likelihood of loss and identified the heavy equipment parked on the property, stump grinding, and gas and diesel fuel tanks as potentially hazardous material or operations. ECF No. 26-1, PageID.1038. In assessing the underwriting question about additional liability exposure to Liberty Mutual from the business conducted on the property, the report notes that employees were at the Property to "at least do maintenance to their equipment, and to pick up business equipment used at the job sites." *Id*. The report also notes that, based upon photos of the Property provided to them, the service and investigation teams concluded that Liberty Mutual

10

would not have written the policy if it had known about the business operations. *Id*.

The Court finds there is no genuine issue of material fact that Rand made a misrepresentation on the Policy application, and that the misrepresentation was material. Accordingly, under well-established Michigan insurance law, Liberty Mutual properly rescinded the Policy, which is void *ab initio*.

## C.

Rand also contends that the Essential Insurance Act barred Liberty Mutual's rescission of the Policy because the rescission was not undertaken according to uniformly enforced underwriting guidelines. See M.C.L. 500.2102 *et seq*.; ECF No. 26, PageID.782-86. Courts have resolved that the Essential Insurance Act does not create a private cause of action. *Peatross*, 575 F. Supp. 3d at 896-97 (quoting *McLiechy v. Bristol W. Ins. Co.*, 474 F.3d 897, 900 (6th Cir. 2007)) (quotation marks omitted). "Instead, the Act provides a series of administrative remedies for a person who has reason to believe that an insurer has improperly denied her home insurance." *Id*. (internal quotation and marks omitted). Accordingly, the Act does not provide Rand the relief he seeks or preclude summary judgment for Liberty Mutual.

## IV.  CONCLUSION

In sum, Liberty Mutual properly rescinded the Policy based on Rand's material misrepresentation that no business was conducted at the Property at the time of application. Because Liberty Mutual properly rescinded the Policy, summary judgment in its favor on Rand's breach of contract claim is warranted. The Essential Insurance Act provides no private cause of action and does not preclude rescission, thus Rand's motion for summary judgment is denied.

For these reasons, Liberty Mutual's motion for summary judgment (ECF No. 25) is **GRANTED** and Rand's motion for summary judgment (ECF No. 26) is **DENIED**.

s/Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge

Dated: September 29, 2022